NULSEN v. WISHON *et al.*, *Appellants.*

**Equitable Titles;** PRIORITY: NOTICE. One who had an equitable title to land gave a deed of trust upon his interest, and afterwards conveyed it to another person upon the consideration of the cancellation of a note due from him to the purchaser, and subsequently his interest was again sold under an execution against him, and was bought by the plaintiff in execution. Pending the proceedings on the execution the first purchaser acquired the legal title. In a contest between the holder of the deed of trust and the other claimants, *Held*, that the former had the best equity as against the purchaser at the execution sale, and that his equity should prevail as against the other purchaser also, if the latter had notice of his claim when he bought. And the latter having acquired the legal title, with notice of the prior equity, as the evidence tended strongly to prove, a decree of the trial court divesting the legal title out of him and vesting it in the trustee in the deed of trust, was affirmed.

*Appeal from Phelps Circuit Court.*—HON. V. B. HILL, Judge.

This was a suit in equity to correct a misdescription in and to foreclose a deed of trust. The suit was brought by Nulsen, Mersman and Seay, against F. M. Wishon, Dodd & Brown and Creusbauer, the latter being but a nominal defendant. The petition set forth that Benjamin Wishon, had the legal title to lot 1, in block 62, of the town of Rolla; that in 1867 he conveyed the same to defendant, Creusbauer, by a deed in which, by mistake, he described the lot as being in block 67; that in 1868 Creusbauer executed to plaintiff, Seay, a deed of trust on the same lot in which he made the same mistake; that this deed of trust was given to secure to plaintiffs Nulsen and Mersman the payment of a note which was due and re-

mained unpaid; that on May 14th, 1874, Creusbauer, by warranty deed, conveyed this same lot to defendant, F. M. Wishon, by the correct description, part of the consideration being the discharge of plaintiff's deed of trust; that defendants Dodd & Brown, on the 7th day of August, 1874, obtained judgment against Creusbauer, and at an execution sale thereunder on the 5th day of February, 1875, purchased said lot; that on the 8th day of February, 1875, Dodd & Brown obtained a sheriff's deed for the lot, and were then asserting title thereunder; that B. Frank Wishon, executor of Benjamin Wishon, on the 1st day of February, 1875, conveyed the lot to defendant, F. M. Wishon. There was a prayer that the deed of trust be corrected; that the title vested in defendant, F. M. Wishon by the deed from the executor should be vested in plaintiff,' Seay, under the conditions of his deed of trust and for a foreclosure of the deed of trust.

Dodd and Brown filed an answer, in which they alleged that the deed from Creusbauer to defendant Wishon was fraudulent as to creditors, and that they purchased without notice of plaintiffs' deed of trust, and asked that said deed of Crusbauer to Wishon be declared void, and that plaintiffs' deed of trust be, as to them, declared without validity, and for general relief. Defendant Wishon filed a separate answer, in which he claimed title to the lot under the deed of May 14th, 1874, against both plaintiffs and Dodd and Brown, and alleged that the consideration for his deed was the surrender of his promissory note, and that he had no notice or knowledge of plaintiffs' deed of trust at the time he received said deed. It was stipulated that all new matter embraced in the several answers should be considered as put in issue by proper replications.

Plaintiff Mersman and defendant Creusbauer were introduced by plaintiffs and their testimony sustained the allegations of the petition as to the debt, and the mistake in the deed and deed of trust. Plaintiffs also introduced one Heintz, whose testimony tended to show that defendant

Wishon had notice of the deed of trust to them when he took his deed. Dodd and Brown introduced their sheriff's deed and proved they had no notice of plaintiffs' deed of trust. Defendant Wishon testified that he took the lot in payment of $2,100, and gave up Creausbauer's note which he held for that sum; that he had no notice of plaintiffs' deed of trust, and that the property, when he took it, was not worth more that $1,500 or $1,600. The court decreed for the plaintiff.

*L. F. Parker* for appellants, argued that a mistake in description will never be corrected where the rights of a *bona fide* purchaser for a valuable consideration without notice have intervened. 1 Story Eq. Jur., §§ 64 c, 165; *Whitman v. West*, 30 Me. 485; *Ligon v. Rogers*, 12 Ga. 281; and that F. M. Wishon was such a purchaser. *Swift v. Tyson* 16 Pet. 1; *Atkinson v. Brooks*, 26 Vt. 569; *Blanchard v. Stevens*, 3 Cush. 162. But it may be said, though the equities are equal in other respects, (which we deny,) that of the plaintiff is the prior, and the rule is between equities that he who has the prior equity in point of time, is entitled to a like priority in point of right. Yes, and I take it to be a further principle, well established in equity jurisprudence, that when the holder of one of two equities, equal in all respects except as to point of time, by superior diligence, secures in himself the legal title, equity will permit him to retain it, though the one thus diligent may be the holder of the later equity in point of time. Dart's Vendors and Purchasers, 389. Now the legal and equitable title was originally in B. Wishon. The equitable title passed to Creusbauer; thence one equitable title passed to plaintiffs, and another to the defendant Wishon, the legal title remaining in B. Wishon until his death. At his death it vested in his executor, and from his executor the appellant in this suit, the holder of, at least, an equal equity with the plaintiffs' (except as to point of time), pur-

chased it and should be allowed to enjoy the fruits of his diligence.

*H. B. Johnson* for respondent argued that the relinquishment of the unsecured note by Wishon was no new consideration such as would render him a *bona fide* purchaser, as against a prior equity, the vendor having parted with his right to convey. *Rowan v. Adams*, 1 Smed. & M. 45; *Powell v. Jeffries*, 5 Ill. 387; *Glinski v. Zawadski*, 8 Fla. 405; *Ruth v. Ford*, 9 Kas. 17. Plaintiffs occupy the same position as they would were they holding under a prior unrecorded deed which correctly described the property. *Rhodes v. Outcalt*, 48 Mo. 367. A judgment creditor who bids in land and pays for it by a credit on the judgment, is not a *bona fide* purchaser for value, in legal contemplation, inasmuch as he parts with no new consideration on the faith of his purchase. *Orme v. Roberts*, 33 Texas 768; *Rollins v. Callinder*, 1 Freem. (Miss.) Ch. 206. And the giving of a note secured by mortgage is not a purchase for value, as equity can relieve against them. *Haughmont v. Murphy*, 21 N. J. Eq. 118; 14 U. S. Dig. Vend. & Pur. 1275; *Jewett v. Palmer*, 7 John. Ch. 65. A *bona fide* purchaser, to be adjudged such, must aver and prove that he paid the purchase money without notice. *Harris v. Norton*, 16 Barb. 264; *Duncan v. Johnson*, 13 Ark. 190; *Kilcrease v. Linn*, 36 Miss. 569; *Williams v. Hollingsworth*, 1 Strobh. (S. C.) 103; *Beaty v. Whitaker*, 23 Texas 526. And the receipt in the deed in not *prima facie*, much less conclusive, evidence of such payment. *Lloyd v. Lynch*, 28 Pa. St. 419; *Mitchell v. Pricket*, 23 Texas 573; *Hamman v. Keigwin*, 39 Texas 34. Creusbauer, at the time he sold to Wishon, had no legal title. All the interest he possessed was an equity. The rules in regard to *bona fide* purchasers apply only to the purchasers of the legal title. The purchaser of an equity is bound to take notice of a prior equity. As between equities the prior one will be enforced. *Vattier v. Hinde*, 7 Pet. 252; *Buchannon v. Upshaw*, 1 How. 56;

*Hunt's Lessee v. McNil*, 1 Wash. 70; *Oakley v. Ballard*, Hempst. 475; *Boone v. Chiles*, 10 Pet. 177; *Wood v. Mann*, 1 Sumn. 506; *Flagg v. Mann*, 2 Sumn. 486; *Stout v. Hyatt*, 13 Kas. 232; *Pinson v. Ivey*, 1 Yerg. 296; cases cited, 14 U. S. Dig., 59 § 1242; *Dupont v. Wetheman*, 10 Cal. 354; *Chew v. Barnett*, 11 Serg. & R. 389.  Wishon is in no better position by reason of the administrator's deed, for under that he would be chargeable with the trust.  *Rafferty v. Mallory*, 3 Biss. 362.

HENRY, J.—None of the parties acquired a legal title to the lot in controversy, until the executor of the last will of B. Wishon executed a deed conveying the same to defendant F. M. Wishon.  The equity of Dodd, Brown & Co., was acquired after the deed of trust to Seay, as was also that of F. M. Wishon, which he obtained under the deed from Creusbauer.

The equity of plaintiff is to be preferred to that of Dodd, Brown & Co., because prior in point of time, whether Dodd, Brown & Co. had notice of plaintiff's equity or not. It is also to be preferred to that of Wishon, if he had notice of the prior equitable claim of the plaintiffs, whether the law be as insisted by appellants or not, that he is to be regarded as a purchaser for a valuable consideration, a pre-existing debt.  We do not deem it necessary to determine that question.  It was charged by plaintiffs that Wishon was aware of their equitable right to the property when he purchased the lot of Creusbauer.  There was evidence tending strongly to establish that allegation.  We cannot say that the preponderance of evidence on that issue was not in favor of the plaintiffs.  The court might well have based its decree on that ground, conceding the law to be as understood by appellant's attorney.  All that the court decreed was a reformation of the deed of trust in the description of the property, and vesting the legal title acquired by Wishon, the defendant, under the deed from B. Wishon's executor, in Seay, the trustee in the

trust deed, executed for the benefit of his co-plaintiffs There was no conflict of evidence in regard to the intention of Creusbauer to convey by that deed to Seay the lot in controversy. The testimony of plaintiff Mersman, and of the defendant Creusbauer, fully proved that intention. All concurring, the judgment is affirmed.

AFFIRMED.